IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL J. LACY, §
§
 Defendant Below, § No. 135, 2025
 Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. N1908020399
§
 Appellee. §

Submitted: October 1, 2025
Decided: November 24, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) On August 30, 2019, Larry Butler called 911 to report that the driver of a maroon or burgundy Acura SUV had cut him off in traffic in the Cool Springs area of Wilmington, pointed a gun at him, and pursued him. Butler was able to provide the license plate number, and Wilmington police officers began looking for the subject vehicle. Officer Cintron, who was driving a marked police vehicle in the area, encountered the Acura at an intersection and got a good look at the driver while they were each stopped at a stop sign. Officer Cintron attempted a traffic stop but

the other vehicle fled, running multiple stop signs and driving the wrong way down a one-way street. During the brief pursuit, the driver threw a firearm from the car; Officer Cintron stopped pursuing the Acura to recover the gun. Shortly thereafter, other officers found the Acura abandoned in the middle of a nearby street with disabling damage caused by having run over a street sign.

(2) The Acura was registered to the appellant, Michael J. Lacy. Officers went to Lacy's last known address. A woman who identified herself as Lacy's former significant other allowed the officers into the home, where the officers found Lacy shaving his head and took him into custody.

(3) Officers went to Butler's place of employment to interview him. Butler identified Lacy in a six-photo lineup and at trial as the driver who had pointed the gun at him. At trial, Officer Cintron also identified Lacy as the driver who had thrown the gun from the Acura.

(4) Counsel from the Office of the Public Defender represented Lacy at trial. A Superior Court jury found Lacy guilty of aggravated menacing, two counts of possession of a firearm during commission of a felony, disregarding a police signal, and reckless driving. The court granted Lacy's motion for a judgment of acquittal on a charge of carrying a concealed deadly weapon, and the prosecution agreed to dismiss additional firearm charges. The Superior Court later granted the State's habitual-offender motion as to the aggravated menacing charge and

sentenced Lacy to a total of seventeen years and 30 days of imprisonment, suspended after fifteen years for decreasing levels of supervision.

(5) In November 2023, Lacy filed a *pro se* motion for postconviction relief in which he argued that his counsel was ineffective for failing to file a direct appeal. The Superior Court appointed conflicts counsel to represent Lacy in the postconviction proceeding. Conflicts counsel asked the court to reissue the sentence order so that Lacy could file a timely direct appeal. The Superior Court reissued the sentence order and dismissed the postconviction proceeding without prejudice. Conflicts counsel then filed this direct appeal on Lacy's behalf.

(6) On appeal, conflicts counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Conflicts counsel asserts that, based upon a conscientious review of the record, the appeal is wholly without merit. In her statement filed under Rule 26(c), conflicts counsel indicates that she informed Lacy of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. She also informed Lacy of his right to submit issues for the Court's consideration. In his submission, Lacy argues that the Rule 26(c) brief should be stricken and the matter remanded to the Superior Court to reinstate postconviction proceedings. He asserts that the purpose of his ineffective assistance claim was to "protect [his] constitutional right to a direct appeal," and that

3

conflicts counsel's request that the court reissue the sentence order interfered with that claim. The State argues that the Superior Court's judgment should be affirmed.

(7)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(8)    We find no merit to the appeal. Lacy asserts that the purpose of his postconviction proceeding was to protect his right to a direct appeal. That is what conflicts counsel achieved by requesting reissuance of the sentence order. Thus, there is no basis to remand for reinstatement of postconviction proceedings on the grounds that prior counsel was ineffective by failing to file a direct appeal. If Lacy wants to pursue ineffective-assistance claims based on the actual representation provided before or at sentencing—as distinct from the failure to file a direct appeal— he will have the opportunity to do so when the matter returns to the Superior Court after the mandate issues in this direct appeal.[3] To the extent that Lacy argues that he

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.
[3] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) (stating that the Supreme Court generally does not hear ineffective assistance of counsel claims on direct appeal). When reissuing Lacy's

4

is entitled to have his conviction overturned or to be resentenced because (i) different lawyers from the Office of Defense Services represented him at trial and sentencing, and (ii) his trial counsel became a Deputy Attorney General after his representation of Lacy concluded, we find no merit to those claims.

(9)     We have carefully reviewed the record and conclude that Lacy's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Lacy's counsel has made a conscientious effort to examine the record and has properly determined that Lacy could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

sentence order, the Superior Court dismissed his motion for postconviction relief without prejudice and with leave to refile.

5